**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50237 |
| Plaintiff - Appellee, | D.C. No. 3:15-cr-02442-JM |
| v. | |
| JUAN ANTONIO GONZALEZ-URENA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted January 16, 2018[**]

Before:     REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Juan Antonio Gonzalez-Urena appeals from the district court's judgment and

challenges the 37-month sentence imposed following his guilty-plea conviction for

attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gonzalez-Urena argues that his prior conviction under California Penal Code § 215 is not a crime of violence and, therefore, the district court erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015). This claim is foreclosed. *See United States v. Velasquez-Bosque*, 601 F.3d 955, 963 (9th Cir. 2010) (holding that § 215 is categorically a "crime of violence" for purposes of U.S.S.G. § 2L1.2).

As Gonzalez-Urena acknowledges, his argument that *Descamps v. United States*, 133 S. Ct. 2276 (2013), is clearly irreconcilable with *Velasquez-Bosque* or with the case on which it relies, *United States v. Becerril-Lopez*, 541 F.3d 881, 893 (9th Cir. 2008), is also foreclosed. *See United States v. Chavez-Cuevas*, 862 F.3d 729, 739-40 (9th Cir. 2017) (concluding that *Descamps* "did not impliedly abrogate *Becerril-Lopez*").

We decline Gonzalez-Urena's invitation to revisit the holdings of *Velasquez-Bosque* and *Becerril-Lopez* because his challenge to those holdings relies on "no change in the relevant statutes or regulations, nor in any governing authority." *United States v. Ramos-Medina*, 706 F.3d 932, 938 (9th Cir. 2013). "Absent such a change, only an en banc panel of our court may overrule or revise the binding precedent established by a published opinion." *Id.* at 938-39.

**AFFIRMED.**

16-50237